IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL RINALDI, : | |
|     Plaintiff : | |
| : | No. 1:13-cv-450 |
| v. : | |
| : | (Judge Rambo) |
| UNITED STATES OF : | |
| AMERICA, *et al.*, : | |
|     Defendants : | |

## MEMORANDUM

Before the Court is *pro se* Plaintiff Michael Rinaldi ("Plaintiff")'s motion for leave to file an amended complaint (Doc. No. 88) and proposed amended complaint (Doc. No. 88-1). The motion is fully briefed and ripe for disposition.

## I. BACKGROUND

Plaintiff, who is currently incarcerated at the Lackawanna County Prison in Scranton, Pennsylvania, initiated this civil action on February 19, 2013 by filing a complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA") against numerous officers and staff at the United States Penitentiary ("USP Lewisburg"), where Plaintiff was previously incarcerated. (Doc. No. 1.) On September 12, 2018, the United States Court of Appeals for the Third Circuit affirmed in part and vacated and remanded in part this Court's dismissal of Plaintiff's complaint. *Rinaldi v. United*

*States*, 904 F.3d 257, 262 (2018). Specifically, the Third Circuit noted that Plaintiff's appeal

> require[d the Court] to resolve three matters of first impression . . . (1) what showing an inmate must make to establish that administrative remedies were not "available" within the meaning of the Prison Litigation Reform Act ("PLRA"); (2) whether the PLRA's exhaustion requirement is satisfied where a prison administrator elects to resolve a procedurally improper administrative request on the merits; and (3) whether a prison's housing and cellmate assignments meet the discretionary function exception to the [FTCA's] limited waiver of sovereign immunity.

*Id.* The Third Circuit vacated the dismissal of Plaintiff's First Amendment retaliation claim and directed this Court to consider whether Plaintiff was subjectively deterred from exhausting his administrative remedies with respect to that claim. *Id.* at 270. The Third Circuit further concluded that Plaintiff had exhausted his Eighth Amendment failure to protect claim and therefore vacated this Court's dismissal of that claim. *Id.* at 273. Finally, the Third Circuit affirmed this Court's judgment in all other respects, including the dismissal of Plaintiff's FTCA claim. *Id.* at 272-74.

Following remand, Defendants filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. No. 68.) In a Memorandum and Order entered on April 16, 2019, the Court granted in part and denied in part Defendants' motion. (Doc. Nos. 76, 77.) The Court granted the motion with respect to Plaintiff's First Amendment retaliation claim and his Eighth Amendment claim against Defendants Watts, Norwood, Bledsoe, Thomas, Grondolsky, Young, Rear, Doe, and Taggart. (*Id.*)

Accordingly, this action is proceeding on Plaintiff's claim that Defendants Kissell, Baysore, and Gee violated his Eighth Amendment rights by failing to protect him from an assault by another inmate. Discovery closed on October 16, 2019. (*See* Doc. No. 84.) Currently, dispositive motions are due within thirty (30) days of the date that the Court rules upon Plaintiff's motion for leave to file an amended complaint. (*See* Doc. No. 90.)

## II. DISCUSSION

Plaintiff seeks leave to file an amended complaint to add N. Beaver, R. Raup, and John Doe, all of whom were employed at USP Lewisburg during the relevant time, as Defendants. (Doc. No. 88-1 at 2.) Plaintiff alleges that on February 2, 2012, Officer Beaver transported him to D-block and attempted to "place hand restraints on inmate Altrazo Pink in order to place [Plaintiff] in the cell with him." (*Id.*) Inmate Pink stated, "I am not cuffing up and if you put anybody in here with me I will kill them and hurt the officer trying to do it." (*Id.*) Officer Beaver wrote an incident report charging inmate Pink with making a threat. (*Id.*) The incident report was delivered and read to inmate Pink by Lieutenant Raup. (*Id.* at 2-3.) Subsequently, John Doe "forced inmates [Plaintiff] and Pink to cell together." (*Id.* at 3.) Plaintiff alleges that he and inmate Pink "engaged in a number of physical altercations over the next few weeks." (*Id.*)

### A. Compliance with Local Rule 7.5

Defendants Baysore, Kissell, and Gee argue first that the Court should deem Plaintiff's motion for leave to amend withdrawn for his failure to file a brief in support. (Doc. No. 91 at 3-4.) Defendants are correct that Local Rule 7.5 provides that a party must file a brief in support of a motion within fourteen (14) days except for "(a) in support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) in support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) in support of a motion for appointment of counsel." M.D. Pa. L. R. 7.5. Plaintiff argues that he has complied with this rule by filing "a motion requesting leave to amend as well as a motion to amend with an attached brief in support." (Doc. No. 92 at 2.) Contrary to Plaintiff's argument, however, the docket reflects that Plaintiff filed only his motion for leave to amend with his proposed amended complaint attached. (Doc. Nos. 88 and 88-1.) While the Court could deem Plaintiff's motion withdrawn on that basis, in light of Plaintiff's *pro se* status, the Court will consider the merits of his motion below.

### B. Merits of Plaintiff's Motion

The Federal Rules of Civil Procedure provide that a party may amend its pleading once as a matter of course within twenty-one (21) days of service or within twenty-one (21) days after the service of a responsive pleading or a motion filed

under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy "favoring liberal amendment of pleadings is not, however, unbounded." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants assert that Plaintiff's motion should be denied because the claims asserted in his proposed amended complaint are barred by the statute of limitations. (Doc. No. 91 at 5.) Amendment is futile when a claim sought to be added would be barred by the applicable statute of limitations. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 219 (3d Cir. 2003). However, as Plaintiff points out (Doc. No. 92 at 2), an amendment will not be barred and will instead relate back to the date of the original pleading when the requirements of Rule 15(c) are met. That rule provides:

> (1) An amendment to a pleading relates back to the date of the original pleading when:
>
>     (A) the law that provides the applicable statute of limitations allows relation back;

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading;
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
>
> (2) When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

Fed. R. Civ. P. 15(c)(1). The United States Court of Appeals for the Third Circuit has noted that "[l]eave to amend under subsection (a) and relation back under subsection (c) [of Rule 15], while obviously related, are conceptually distinct." *Arthur v. Maersk Inc.*, 434 F.3d 196, 202-03 (3d Cir. 2006). Thus, even if a proposed amended pleading satisfies Rule 15(c), leave to amend may be denied under Rule 15(a) "if the Court determines that amendment would be 'unjust' and leave should

not be granted." *Altenbach v. Link*, No. 3:14-cv-2431, 2017 WL 583141, at *2 (M.D. Pa. Feb. 13, 2017).

Rule 15(c)(1)(A) "'gives a party the benefit of whichever standard for relation back is most lenient'—the state standard or the federal standard under the remaining provisions of Rule 15(c)(1)." *Powell v. Wetzel*, No. 1:12-CV-2455, 2016 WL 8731445, at *6 (M.D. Pa. Sept. 13, 2016) (quoting *Anderson v. Bondex Int'l, Inc.*, 552 F. App'x 153, 157 (3d Cir. 2014)), *Report and Recommendation adopted*, 2016 WL 8710470 (M.D. Pa. Sept. 30, 2016). Generally, "Pennsylvania courts do not take a more lenient approach to the relation back doctrine than do federal courts." *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 457 (3d Cir. 1996). Moreover, Plaintiff has not argued that Pennsylvania law is more lenient than federal law. Accordingly, the Court must consider whether relation back is permitted under Rule 15(c)(1)(B) & (C).

Under Rule 15(c)(1)(B), "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). Therefore, "proposed amendments relate back if they 'restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading.'" *Anderson*, 552 F. App'x at 157 (quoting *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)). An amendment, however, "does

not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

As noted above, Plaintiff seeks to assert claims against Beaver, Raup, and John Doe based upon their alleged actions in failing to protect him from inmate Pink's assaults in February of 2012. (Doc. No. 88-1.) As noted above, this action is currently proceeding on Plaintiff's claim that Defendants Baysore, Kissell, and Gee failed to protect Plaintiff from inmate Pink during that time period. Thus, Plaintiff's proposed claims therefore meet the requirements of Rule 15(c)(1)(C), and the Court will consider whether Plaintiff's desire to add Beaver, Raup, and John Doe as defendants satisfies the requirements of Rule 15(c)(1)(C).

Beaver, Raup, and John Doe are all United States employees. Accordingly, Rule 15(c)(2) applies, which, as noted above, provides that when United States officers are added as defendants, "the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency." Fed. R. Civ. P. 15(c)(2). The Court must therefore consider "whether, within the period of time provided for by Rule 4(m)," such process was delivered or mailed. *Wilkins v. Montgomery*, 751 F.3d 214, 225 (4th Cir. 2014) (quoting Fed. R. Civ. P. 15(c)(1)(C)). At the time that

Plaintiff initiated this action, Rule 4(m) provided a 120-day period for service of process. This period began to run on March 11, 2013, when the Court authorized issuance of summonses and directed the United States Marshals Service to serve Plaintiff's complaint on the named Defendants. *See Urrutia*, 91 F.3d at 459 (concluding that the Rule 4(m) period "is suspended until the district judge authorizes issuance of the summons and service of the . . . complaint"). On April 12 and 22, 2013, the summonses issued to the Attorney General and the United States Attorney were returned executed. (Doc. Nos. 12, 13.) Thus, because process was delivered to both the Attorney General and the United States Attorney within the 120-day period, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied. *See Montgomery v. U.S. Postal Serv.*, 867 F.2d 900, 903 (5th Cir. 1989) ("By its terms, Rule 15(c) states that notice to the U.S. Attorney within the limitations period is sufficient to preserve an action against a United States agency or officer.").

As noted above, even if a proposed amended pleading satisfies Rule 15(c), leave to amend may be denied under Rule 15(a) "if the Court determines that amendment would be 'unjust' and leave should not be granted." *Altenbach*, No. 2017 WL 583141, at *2. Defendants assert that leave to amend should not be granted because the "amended complaint fails to allege any facts which if true would set forth a plausible claim of deliberate indifference or failure to protect." (Doc. No. 91 at 5.) Defendants assert that "the facts demonstrate that the two identified staff

9

members took disciplinary action against Pink for the alleged threat to [Plaintiff] and staff." (*Id.*) While this may be true, the Court does not agree that Plaintiff's proposed amended complaint fails to set forth plausible claims of failure to protect against Beaver and Raup. Rather, the proposed amendment suggests that Beaver and Raup were clearly aware of the threat made by inmate Pink and took no action to stop Plaintiff's placement in that cell.

With respect to John Doe, however, the Court agrees that the proposed amendment fails to set forth a plausible failure to protect claim against him. The proposed amendment states only that "John Doe forced inmates [Plaintiff] and Pink to cell together." (Doc. No. 88-1 at 3.) Nothing in the proposed amendment suggests that John Doe was aware of the threat made by inmate Pink when he placed Plaintiff in that cell. Accordingly, the Court will not permit Plaintiff to amend his complaint to add John Doe as a defendant.

Defendants Baysore, Kissell, and Gee argue further that granting Plaintiff's motion "may result in unreasonable delay and prejudice" because discovery is closed. (*Id.* at 6.) They argue that the "new defendants will be required to seek representation authorization by the Department of Justice after being served with the amended complaint." (*Id.*) They assert that permitting Plaintiff to amend "at this late stage in the proceedings will unnecessarily permit the claims against [them] to further languish." (*Id.*)

Prejudice may result under Rule 15(a) when a proposed amendment "would result in additional discovery, cost, and preparation to defendant against new facts or new theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Plaintiff asserts that he seeks leave to amend because he "recently received discovery" indicating that Beaver, Raup, and John Doe were involved with his placement in inmate Pink's cell. (Doc. No. 88 at 1.) In his reply brief, Plaintiff states that he "has been requesting he be provided with discovery as far back as 2013 when he requested it to defendant against the Government's first motion for summary judgment. The defendants repeatedly objected to providing [Plaintiff] with discovery and in fact just fairly recently provided [Plaintiff] with the documents that he relied upon when filing an amended complaint." (Doc. No. 92 at 3-4.)

The Court finds Judge Mariani's discussion in *Altenbach* to be instructive in this regard. In *Altenbach*, the plaintiff, a *pro se* plaintiff, sought leave to amend after learning through discovery that other corrections officers had authority to move inmates to different cells. *Altenbach*, 2017 WL 583141, at *4. Judge Mariani noted that the plaintiff's request did not "appear to be motivated by some improper purpose such as purposeful delay or bad faith," and that the proposed second amended complaint "contain[ed] the same substantive claims as those set forth in his first amended complaint." *Id.* Moreover, the defendants had not yet filed a dispositive motion. *Id.*

11

Like in *Altenbach*, the Court here does not find that Plaintiff appears to be motivated by some improper purpose such as purposeful delay or bad faith. Moreover, Plaintiff's proposed amendment contains the same failure to protect claim as that set forth in his original complaint. Granting the motion for leave to amend would not prejudice Defendants Baysore, Kissell, and Gee "because it would not force them to change any potential defenses." *Id.* While Defendants are correct that this action has been pending since 2013, that is not Plaintiff's fault. Accordingly, the Court will permit Plaintiff to amend his complaint to add Beaver and Raup as defendants but will not permit him to add John Doe as a defendant.

## III. CONCLUSION

For the reasons set forth above, the Court will grant in part and deny in part Plaintiff's motion for leave to amend. (Doc. No. 88.) An appropriate Order follows.

s/Sylvia H. Rambo<br>
Sylvia H. Rambo<br>
United States District Judge

Dated: November 26, 2019